**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TIMOTHY R. FARKAS, et al.,

        Plaintiff,                                        Case No. 2:12-cv-547
                                                                          Judge Gregory L. Frost
      v.                                                             Magistrate Judge E.A. Preston Deavers

STATE OF OHIO,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant State of Ohio's Motion to Dismiss (ECF No. 11), Plaintiff Timothy R. Farkas's response in opposition (ECF No. 15), and Defendant's reply brief in support (ECF No. 16). Defendant asks for dismissal of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which this Court may grant relief. Because Defendant's Motion has been briefed fully, the Court will decide the Motion in advance of the scheduled non-oral hearing date. (ECF No. 12.) For the reasons that follow, this Court **GRANTS** Defendant's Motion and **DISMISSES** this case.

**I.**    **Background**

On June 20, 2012 Plaintiff, a *pro se* litigant, filed in this Court a Complaint on behalf of himself and purportedly his minor daughter, M.F. (ECF No. 7, p.1). The Complaint names the State of Ohio as the sole defendant.[1] The gravamen of Plaintiff's Complaint surrounds

---

[1]The Complaint actually names "The State of Ohio : att John Kasich" in its caption. But the Complaint itself contains no allegations that specifically refer to Governor Kasich. The Court does not construe the Complaint to name Governor Kasich as a separate defendant in either his official or individual capacity.

proceedings in the Franklin County (Ohio) Court of Common Pleas, Division of Domestic Relations and Juvenile Branch. Among other things, Plaintiff —

(1) disputes the validity of an order awarding custody of M.F. to his former spouse;

(2) claims that his former spouse suffers from substance abuse issues;

(3) contends that his own mental illness, bi-polar disorder, is controlled by medication and should not be a basis for awarding custody to M.F.'s mother;

(4) alleges that attorneys deceived the magistrate and judge on these issues during the proceedings, resulting in an unfair and prejudicial custody order;

(5) alleges that the State of Ohio knew about his former spouse's substance abuse issues and did not take it into account in the initial custody proceedings; and

(6) claims that his former spouse's attorney engaged in unethical conduct during the course of Plaintiff's divorce hearings, conduct for which Plaintiff says the attorney should be fined "at least $1,000,000.00 and sent to jail for at least 5 years."

(Compl. 5-8, ECF No. 7.)

The Complaint alleges that these various actions deprive Plaintiffs of an unidentified right secured by federal law or the Constitution. (*Id.* at 2.) As for the relief sought, Plaintiff requests that the pending custody case be transferred to this Court and that a jury trial be held to determine "damages and punitive damages" for his daughter. (*Id.* at 6.) Plaintiff also asks this Court to generally "protect" his daughter, "educate" the courts about addiction issues and what to do "for the best interest of the children," and "make a decision on what is best for all children . . . by having the courts hear doctors and make a law for the best interest of all children." (*Id.* at 11.)

In addition to the relief sought in the Complaint, Plaintiff also requested an "emergency protection order from the State of Ohio," in which he asked for this Court to assume jurisdiction over the ongoing custody proceedings. (Pls.' Mot., ECF No. 4.) This Court construed this request as a motion for a temporary restraining order, and denied it on the basis of *Younger* abstention. (Order, ECF No. 6.) *See Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

Defendant State of Ohio filed a motion to dismiss the Complaint under Fed. R. Civ P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which this Court may grant relief. (ECF No. 11.) Defendant's Motion has been fully briefed by the parties and is now ripe for this Court's decision.

## II. Discussion

Defendant moves to dismiss Plaintiff's Complaint for want of subject matter jurisdiction, invoking the Eleventh Amendment to the United States Constitution and the *Younger* abstention doctrine. Defendant contends that both the Eleventh Amendment and *Younger* bar Plaintiff's claims against the State of Ohio. Alternatively, Defendant argues that Plaintiff's Complaint fails to state a claim upon which the Court may grant relief, therefore warranting dismissal under Fed. R. Civ. P. 12(b)(6).

### A. *Eleventh Amendment Immunity*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This Eleventh Amendment sovereign immunity extends to actions brought against a state by its

3

own citizens. *S.J. v. Hamilton Cnty.*, 374 F. 3d 416, 419 (6th Cir. 2004). Pursuant to the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a state unless: (1) the state unequivocally consents to suit, or (2) Congress has abrogated the state's immunity by a valid exercise of power. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 109 L. Ed. 2d 264 (1990); *see also Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity. *See Johnson v. Wolgemuth*, 257 F. Supp. 2d 1013, 1016-17 (S.D. Ohio 2003).

The State of Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court. *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999). Though the State of Ohio has consented to be sued in the state Court of Claims, that limited consent to suit does not extend to suits in federal court. *Id*. And Plaintiff makes no argument that the State of Ohio has consented to suit in federal court or otherwise waived Eleventh Amendment immunity in this specific case. Indeed, Plaintiff's opposition to Defendant's motion to dismiss does not address the legal bases of Defendant's motion but, rather, spends the entirety of its 15 pages discussing the underlying facts of the state court proceedings of which he complains. The Court therefore concludes that the Eleventh Amendment bars this Court from exercising subject-matter jurisdiction over Plaintiff's claims.

### B. Younger *Abstention Doctrine*

In addition to arguing that the Eleventh Amendment applies, Defendant contends that the Court lacks jurisdiction under the *Younger* abstention doctrine. In *Younger*, the Supreme Court

held that principles of comity preclude federal courts from interfering with ongoing state criminal proceedings. *Younger*, 401 U.S. at 44. "The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Id.* The Supreme Court later extended *Younger* abstention to noncriminal judicial proceedings involving important state interests. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

*Younger* abstention bars the exercise of federal jurisdiction when (1) there is an ongoing state proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Squire v. Coughlan*, 469 F. 3d 551, 555 (6th Cir. 2006). Here, all three requirements for *Younger* abstention are satisfied, thereby precluding federal jurisdiction.

First, the state court custody proceedings were ongoing at the time of the filing of Plaintiff's Complaint. Indeed, after Plaintiff filed his Complaint, he filed soon thereafter a motion asking this Court to assume jurisdiction of the case and prevent a state court hearing from taking place a few days later. (Pls.' Mot., ECF No. 4.) From the relief sought in Plaintiffs' motion as well as the allegations in the Complaint, the Court gleans that Plaintiff wants this Court to wrest jurisdiction of ongoing proceedings away from the state court.

Second, resolution of domestic relations matters, including custody proceedings, implicate important state interests. *See Akenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) (noting that power to regulate domestic relations are within the

realm of state, not federal, law). Federal courts have historically deferred to the superior expertise of state courts in matters of domestic relations. *Alexander v. Rosenberg*, 605 F. 2d 556, 556 (6th Cir. 1979) (table). Thus, the Sixth Circuit has found it proper for the district courts to dismiss on abstention grounds cases "where the underlying issues involved domestic relations because domestic relations proceedings involve 'paramount' state interests." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (quoting *Mann v. Conlin*, 22 F.3d 100, 105 (6th Cir. 1994)).

Third, Plaintiff had (and has) the opportunity to raise constitutional issues in the state court proceedings. The Court notes that it is unclear from Plaintiff's Complaint exactly what violations of federal law Plaintiff is alleging. Be that as it may, Plaintiff's opposition to Defendant's motion, though it rails incessantly against the process in the domestic relations court and assails the integrity of virtually every judicial officer and attorney who has been involved in the state court proceedings, does not indicate that Plaintiff is unable to assert constitutional claims.

All three requirements of *Younger* abstention are present in this case. As a result the Court will abstain from interfering in Plaintiff's state court proceedings.

### C. Fed. R. Civ. P. 12(b)(6)

Defendant also moves for dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To be sure, Plaintiff's *pro se* Complaint is far from a model of clarity and is generally devoid of allegations that would suggest the presence of a cognizable claim of federal law. In light of the Court's dismissal of Plaintiff's Complaint for want of subject matter jurisdiction, however, the Court need not wade into the murky waters of Plaintiff's case theories, such as they are. The Court therefore declines

to consider Defendant's Rule 12(b)(6) motion. *See Johnson v. Ohio Bd. Of Nursing*, No. 2:06-cv-73, 2006 U.S. Dist. LEXIS 67542, at *11 n.4 (S.D. Ohio Sept. 12, 2006).

### IV. Conclusion

For the foregoing reasons, the Eleventh Amendment and the *Younger* abstention doctrine bar this Court from exercising jurisdiction over Plaintiff's Complaint. Defendant's Motion to Dismiss is **GRANTED** and this case is hereby terminated from the Court's active docket.

**IT IS SO ORDERED.**

/s/    Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**